**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES OF AMERICA, :
:
v. : CASE NO.: 7:23-CR-43 (WLS-TQL-1)
:
MOYSES MUNIZ, :
:
Defendant. :
:

**ORDER**

On September 24, 2024, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 3) to revoke Defendant Moyses Muniz's ("Defendant") supervised release in Case No. 7:23-cr-43, and to sentence Defendant for another criminal charge before the Court. Case No. 7:23-cr-39. This Order memorializes the revocation portion of that hearing.

Previously, Defendant pleaded guilty to six Counts of a six-count Indictment (Doc. 1-2) in the United States District Court for the Middle District of Florida. Specifically, two counts of Distribution of Heroin, three counts of Distribution of Heroin and Fentanyl, and one count of Distribution of Cocaine. Defendant was sentenced on August 6, 2018, to 24 months' imprisonment to be followed by a 36-month term of supervised release complying with the mandatory, standard, and special conditions of supervision. (Doc. 1-3). Defendant's supervision began on July 16, 2020.

On August 3, 2023, the United States Probation Office ("USPO") petitioned the Middle District of Florida Court for a warrant or summons ("the Petition"). (Doc. 3). The case was transferred to this Court on April 26, 2023. The Petition (Doc. 3) was filed on the docket for the instant case on August 1, 2024. The Petition alleges that Defendant violated the conditions of his supervised release on two (2) occasions.

At the revocation hearing held on September 24, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove

the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 1-4) and Revocation Report (Doc. 14) and reviewed them. Defendant stated that he had spoken to Counsel and wished to stipulate to the alleged violations. The Court also found that Defendant's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Defendant stipulated to the alleged violations, the Court found that the violations in the Petition had been established by a preponderance of the evidence. The Court then declared Defendant's supervised release revoked.[1] Once the violations had been established, the Court heard from the Government and Defense counsel. Defendant made one, two-part, objection to the Revocation Report, which the Court overruled. The Government initially made objections, but withdrew those objections before the hearing.

The Court determined Defendant's U.S. Sentencing Guidelines range to be 24 months based on Defendant's most serious Grade A violation, a Criminal History Category of IV and the statutory maximum sentence allowed. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to twenty-four (24) months to be served consecutively with the sentence imposed in Case No. 7:23-cr-39-WLS-TQL-2.

For the aforementioned reasons, the Petition (Doc. 3) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to twenty-four (24) months of imprisonment, in the custody of the Bureau of Prisons to be served consecutively with the sentence imposed in Case No. 7:23-cr-39-WLS-TQL-2. No term of supervised release is to follow either term of imprisonment.

**SO ORDERED**, this 7th day of October 2024.

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**